UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RICHARD CASUL,

                              Plaintiff,

    -against-                                    5:14-CV-01237 (LEK/ATB)

CAROLYN W. COLVIN,

                              Defendant.

## DECISION AND ORDER

Before the Court is Plaintiff Richard Casul's Motion for Attorney's Fees, Dkt. No. 12 ("Motion"), which comes following a Consent Order and Judgment reversing the decision of the Commissioner and remanding to the Commissioner for further proceedings, Dkt. Nos. 10 ("Consent Order"), 11 ("Judgment"). Plaintiff seeks a fees award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Here, Plaintiff prevailed on a significant issue in this litigation because he obtained "a sentence-four judgment reversing the [Commissioner's] denial of benefits." Shalala v. Schaefer, 509 U.S. 292, 302 (1993); see also Consent Order at 1. The Court has found no evidence suggesting that Defendant's position in this litigation was substantially justified. Plaintiff asks for an award of $1,370.64, consisting of 4.4 hours of attorney work at a rate of $195.60 an hour, for a total of $860.64, and 5.1 hours of paralegal time at $100.00 an hour, for a total of $510.00. Dkt. No. 12-1

("Olinsky Affirmation") at 3. Plaintiff also seeks "reimbursement of costs of $15.39 for certified mail service of the summons and complaint." Id.

Defendant opposes the Motion on the sole ground that special circumstances make an award unjust because Plaintiff's counsel failed to keep contemporaneous records of the time he and his staff spent working on the case, Dkt. No. 13 ("Response") at 1, a requirement for receiving attorneys' fees in this circuit, N.Y. State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see also Handschu v. Special Servs. Div., 727 F. Supp. 2d 239, 250 (S.D.N.Y. 2010) ("[T]o satisfy Carey the proof must demonstrate that original contemporaneous entries of sufficient specificity were punched into or logged in a database from which the printouts or summaries are derived."). Defendant notes that Plaintiff's counsel has admitted, in a sworn declaration, that he and his law firm "did not begin keeping contemporaneous time records until August 28, 2014." Id. at 3. Defendant also points to recent district court decisions in which Plaintiff's counsel was denied attorney's fees for time billed prior to the date on which his firm adopted an appropriate time-keeping policy. E.g., Kottwitz v. Colin, 114 F. Supp. 3d 145, 148 (S.D.N.Y. 2015); Stroud v. Comm'r of Soc. Sec., No. 13-CV-3251, 2015 WL 2137697, at *1–2 (S.D.N.Y. May 6, 2015).

In Stroud, the court held that "attorneys' fees incurred on or after [August 28, 2014] are compensable" because that is when Plaintiff's counsel's firm "began keeping contemporaneous time records." 2015 WL 2137697, at *1. Similarly, in Durso v. Colvin, No. 14-CV-67, 2015 WL 5684039, at *3 (D. Conn. Sept. 28, 2015), another case involving Plaintiff's counsel, the court held "that the hours incurred on and after August 28, 2014, the date on which plaintiff's counsel's firm began keeping contemporaneous time records, are compensable."

2

In accordance with these cases, the Court concludes that the time billed for this case on and after August 28, 2014, is compensable. Here, there are 3.9 hours of attorney time on or after August 28, 2014, totaling $762.84. Olinsky Affirmation at 9. There are also 4.2 hours of paralegal time on or after August 28, 2014, totaling $420.00. Id. at 10. The appropriate fees award is therefore $1,182.84. When added to the $15.39 request for additional postage expenses, the total award amounts to $1,198.23, which the Court finds to be reasonable. See Cornell v. Astrue, No. 08-CV-1021, 2012 WL 4854435, at *2–3 (N.D.N.Y. Oct. 11, 2012) (Kahn, J.).

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 12) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED**, that Plaintiff is awarded $1,182.84 in attorney's fees pursuant to the EAJA; and it is further

**ORDERED**, that Plaintiff is awarded $15.39 in other expenses pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 17, 2016
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge